MARVIN, Judge.
The agent appeals from a judgment rejecting his demands against a customer for premiums due on a 1978 policy of workmen’s compensation and garage owner’s liability insurance. The issue is credibility. We affirm.
The agent says he wrote the 1978 policy and delivered it to the garage owner as he had done in 1976 and in 1977. Premiums were estimated during each policy period on the basis of the volume of vehicles in the garage and the amount of the garage owner’s payroll. The garage owner’s books are eventually audited and some adjustments to the premium are made at a later time. During each of the policy periods 1976 and 1977 the garage owner made an initial or down payment on the total premium and completed paying the remainder by making monthly payments to a bank under a premium finance plan.
The garage owner testified that when the agent verbally estimated the 1978 premium to him he told the agent that he could not afford to pay the premium and would look elsewhere for insurance coverage. The garage owner expressly denied admitting to the agent’s representative that he knew he was “covered” in 1978 and that the 1978 policy was “delivered” to him in December 1978. The agent explained that the “late” delivery in December of a policy, allegedly for coverage beginning July 16, 1978, was because of delays and backlog in the office of the insurer.
Whether or not the garage owner contracted for an insurance policy in 1978 is a question of fact, here resolved by the trier of fact adversely to appellant. The trial court’s resolution of conflicting evidence is supported by substantial testimony and is not manifestly erroneous. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
At appellant’s cost, judgment is AFFIRMED.